## WILLIAM CHAMBERLIN *v.* DUDLEY YOUNG.

**Ejectment—Judgment.**

Where by the terms of the judgment it is left for the clerk or sheriff to determine judicially what land is claimed in the petition for possession, such judgment is void for uncertainty. The determination of what land plaintiff was entitled to the possession of, was for the court, and should be incorporated in the judgment.

### APPEAL FROM PENDLETON CIRCUIT COURT.

November 11, 1874.

OPINION BY JUDGE LINDSAY:

The petition describes by metes and bounds the 110 acres of land claimed by appellee, and charges that appellant, without right, holds, possesses and detains about 15 acres in the southeast corner of said 110-acre tract.

The jury found for the appellee the land claimed in the petition. The verdict is sufficiently specific. A writ of habere facias, directing the sheriff to place appellee in possession of all the land, not exceeding fifteen acres, held by appellant in the southeast corner of the boundary of the 110-acre tract, could be executed. But the judgment rendered on the verdict is void for uncertainty. It is in the language of the verdict. It leaves either the clerk or the sheriff to determine, judicially, what land is claimed in the petition. This fact should have been determined by the court, and its determination should have been incorporated into the judgment. The judgment should describe the land with sufficient certainty to enable the ministerial officers to execute it, without reference to the pleadings.

We see no error in the action of the court up to the finding by the jury. There was proof conducing to show that Jennings entered under appellee, that Duncan entered under Jennings, and that Chamberlin entered under Duncan. If such were the case, appellee could recover without showing title in himself.

Chamberlin denies that he is the tenant of appellee, and therefore was not entitled to notice to quit the possession. If Chamberlin held under an oral contract of purchase, entered into either by himself or Jennings, and desired to have the questions of rents, profits, and improvements settled by the chancellor, he should have set up his claim, and asked to have the cause transferred to equity. It is too late after verdict to raise this question.

For the error as to the form of the judgment, it is *reversed*. The

cause is remanded with instructions to render judgment on the verdict, in the manner and form herein indicated.

*A. R. Clark, for appellant.*
*W. W. Ireland, for appellee.*